UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SEBASTIEN C. FLAHAUT, <br><br> Plaintiff, <br><br> v. <br><br> KARL SHIVELY, M.D., et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-372-RLM-MGG |

OPINION AND ORDER

Sebastien C. Flahaut, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. Flahaut is proceeding without counsel, the court must give his allegations liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Flahaut is an inmate at Wabash Valley Correctional Facility. His claims stem from events occurring in 2020 when he was an inmate at Miami Correctional Facility. According to the complaint and attachments, Mr. Flahaut fell and broke his elbow and underwent surgery performed by Dr. Karl Shively, an orthopedic surgeon, at an outside facility. The surgery included the installation of hardware in Mr. Flahaut's elbow. Dr. Shively ordered that he return for a follow-up visit within

1-2 weeks. For unknown reasons, that didn't happen. Mr. Flahaut developed post-operative complications, including redness and drainage from his elbow and an area where the hardware was protruding. During this period prison physicians Dr. Carl Kuenzli and Dr. Noe Marandet provided his care. It appears that these doctors ordered pain medications and wound cleaning, but for unknown reasons they didn't refer him back to the orthopedic surgeon until June 2020, even though the hardware was visibly protruding from his arm. When he returned to see Dr. Shively, the doctor determined that at an emergency surgery was needed to remove the hardware and drain the infection. A second surgery was later performed to further drain the wound. Based on these events, he sues Dr. Shively, Dr. Kuenzli, Dr. Marandet, Wexford of Indiana LLC, and Miami Correctional Facility seeking monetary damages and other relief.

Inmates are entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To plead a claim for the denial of medical care, a prisoner must allege (1) he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily

2

done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. Hildreth v. Butler, 960 F.3d 420, 425–426 (7th Cir. 2020). Additionally, inmates are "not entitled to demand specific care." Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. Nevertheless, "inexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." Goodloe v. Sood, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Mr. Flahaut the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Drs. Kuenzli and Marandet. He alleges that they were aware Dr. Shively had directed that he return for post-operative follow-up visit within 1-2 weeks, but the prison doctors didn't send him. Instead, Flahaut lingered at the prison for two months with an open wound and hardware protruding from his elbow. At this point, Mr. Flahaut is unsure why there was such a long delay in sending him back to the orthopedic surgeon, but a jury could plausibly infer from his allegations that the two doctors treating him at the prison were aware of the serious complications he was experiencing but didn't ensure that he was sent back to the specialist in a timely fashion. When the specialist eventually saw him, he had to have emergency surgery and then another

3

surgery to correct the complications. As a result of the delay in treatment, he claims to have permanent mobility problems in his arm. The court will let him proceed further against the two prison doctors.[1]

As for Dr. Shively, he is not employed by the prison and is instead a physician at a private medical facility. As such, he is not considered a "state actor" for purposes of 42 U.S.C. § 1983. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 829 (7th Cir. 2009). Even if Dr. Shively could be considered a state actor, there's no factual content from which the court can plausibly infer that he was deliberately indifferent to Mr. Flahaut's medical needs. The complaint and attachments reflect that Dr. Shively performed surgery on Mr. Flahaut to address his broken elbow. The best that can be said for Mr. Flahaut is that prison staff didn't heed Dr. Shively's instructions about a follow-up visit and Dr. Shively didn't see Mr. Flahaut again for two months, and then immediately performed surgery to try to address the complications that had developed. Mr. Flahaut alleges that Dr. Shively did a poor job on the first surgery, but at most this suggests negligence, not

---

[1] The surgery was allegedly performed in April 2020, which would be outside the two-year statute of limitations window, as the complaint was tendered for filing on May 8, 2020. Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012) (holding that 42 U.S.C. § 1983 actions borrow the statute of limitations for state personal injury claims, which in Indiana is two years). But Mr. Flahaut might not have been aware of the scope of his injury until he returned to see Dr. Shively in June 2020, such that the claim may have accrued later. Because the statute of limitations is an affirmative defense, the court doesn't explore the issue further at this stage. Cancer Found., Inc. v. Cerberus Cap. Mgmt., 559 F.3d 671, 674 (7th Cir. 2009) (dismissing a complaint as untimely at the pleading stage is "an unusual step" that is appropriate only when it is "clear from the face of the complaint" that the claims are "hopelessly time-barred").

deliberate indifference.[2] To the extent Mr. Flahaut is trying to sue Dr. Shively for medical malpractice under Indiana law, there is no indication that he presented a proposed complaint to the medical review panel and obtained an opinion from the panel before filing this action. *See* IND. CODE § 34-18-8-4; Terry v. Community Health Network, 17 N.E.3d 389, 393 (Ind. Ct. App. 2014). He won't be allowed to proceed against Dr. Shively.

Mr. Flahaut also names Wexford, the company that previously employed medical staff at Indiana prisons. Wexford's contract with IDOC terminated in July 2021 and it was replaced by Centurion Health. Baldwin v. Westville Corr. Facility, No. 3:21-CV-682-DRL-MGG, 2021 WL 5759136, at *2 (N.D. Ind. Dec. 3, 2021). Wexford could be held liable for constitutional violations occurring during the time it provided medical care at Indiana prisons, *see* Hildreth v. Butler, 960 F.3d 420, 422 (7th Cir. 2020), but Wexford can't be held liable under 42 U.S.C. § 1983 just because it employed medical staff involved in Mr. Flahaut's care. J.K.J. v. Polk Cty., 960 F.3d 367, 377 (7th Cir. 2020).

A private company performing a public function can be sued under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." Grieveson v. Anderson, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the

---

[2] Medical records attached to the complaint reflect that Mr. Flahaut reported being beaten up and stabbed by other inmates in incidents occurring during April and June 2020, which might have impacted his recovery. (*See* ECF 1-1 at 17-19.)

5

official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." Howell v. Wexford Health Sources, Inc., 987 F.3d 647, 654 (7th Cir. 2021). "At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." Gill v. City of Milwaukee, 850 F.3d 335, 344 (7th Cir. 2017). The plaintiff also must allege that an official policy "was the 'moving force' behind his constitutional injury." Dixon v. Cty. of Cook, 819 F.3d 343, 348 (7th Cir. 2016). Mr. Flahaut doesn't allege that Wexford had an unconstitutional policy or custom that caused him injury. Instead, he describes wrongdoing by the doctors responsible for his care. Isolated instances of wrongdoing by a few employees cannot form the basis for a *Monell* claim. Howell v. Wexford, 987 F.3d at 654. This corporate defendant will be dismissed.

Finally, Mr. Flahaut sues the prison itself, but this is a building not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Carl Kuenzli and Dr. Noe Marandet in their personal capacity for money damages for denying him needed medical care following surgery on his elbow in April 2020 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Dr. Karl Shively, Wexford of Indiana, and Miami Correctional Facility as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Carl Kuenzli and Dr. Noe Marandet at Wexford of Indiana, LLC, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Dr. Carl Kuenzli and Dr. Noe Marandet to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 23, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

7