**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

SEBASTIEN C. FLAHAUT,

      Plaintiff,

      v.

CARL E. KUENZLI and NOE
MARANDET,

      Defendants.

CAUSE NO. 3:22-CV-372-TLS

OPINION AND ORDER

Sebastien C. Flahaut, a prisoner without a lawyer, moves the court for reconsideration of its order granting summary judgment in favor of defendants Dr. Carl Kuenzli and Dr. Noe Marandet. ECF 96. The court granted summary judgment in favor of the defendants because it concluded the undisputed facts showed the defendants provided constitutionally adequate care following Flahaut's elbow surgery by monitoring his condition, admitting and readmitting him to the infirmary, providing pain medications, administering antibiotics, performing wound cultures and dressing changes, and scheduling him for follow-up appointments with his orthopedic surgeon. ECF 94. The court also went through and addressed each of Flahaut's ten arguments explaining why he believed the medical care he received was constitutionally inadequate, and concluded that none of those arguments showed the medical care he received from the defendants was plainly inappropriate or violated any standard of care. *Id.* at 10–15.

In his motion for reconsideration, Flahaut reiterates many of the same arguments he raised in his summary judgment response explaining why he believes the medical care he received from the defendants was constitutionally inadequate. ECF 96. Specifically, he reiterates his arguments that: (1) he should have received pain medication every 4 hours as opposed to

every 6 hours; (2) the defendants ignored the instructions in his discharge forms; (3) the defendants delayed in referring him for an off-site medical appointment; and (4) the defendants erroneously discharged him from the infirmary on various occasions. *See id.* None of these arguments provide any proper basis for reconsideration, as the court already considered and addressed these arguments in its summary judgment order. *See* ECF 94 at 10-15; *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (citation omitted)); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." (citation omitted)). Because Flahaut's motion for reconsideration only rehashes his previously rejected arguments and he does not provide any newly discovered evidence or show any manifest error of law, he has not identified any valid basis for reconsideration.

For these reasons, the Plaintiff's motion for reconsideration (ECF 96) is hereby DENIED.

SO ORDERED on March 23, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT